## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-14177-KMM

ROSE M. CORTEZ,

      Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (ECF No. 32). Plaintiff filed a Response (ECF No. 46), and Defendant filed a Reply (ECF No. 47). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Plaintiff's Response, the Defendant's Reply, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

The record reflects the following undisputed facts.[2] Plaintiff Rose M. Cortez ("Cortez") had been employed by Defendant Home Depot U.S.A., Inc. ("Home Depot") as a cashier at a

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1); Defendant's Motion for Summary Judgment, including the Statement of Material Facts and supporting documents; Plaintiff's Response and supporting documents; and Defendant's Reply. All facts are construed in the light most favorable to Plaintiff, as the non-movant.

[2] By not including a response to Defendant's Statement of Material Facts, Plaintiff fails to contradict any evidence submitted by Defendant. Pursuant to Rule 56(e), this Court is permitted to consider facts cited with support by a movant but left uncontroverted by the nonmovant as undisputed for purposes of ruling on a summary judgment motion. See Fed. R. Civ. P. 56(e); see also Head v. Cornerstone Residential Management, Inc., No. 05-80280-CIV, 2010 WL 3781288, at *2 n. 2 (S.D. Fla. Sept. 22, 2010) (finding that under Local Rule 7.5(d), "[u]nless a particular

Home Depot store located in Okeechobee County, Florida. Defendant is a foreign corporation authorized to do business and doing business in Okeechobee County, Florida.

In July 2008, the Asset Protection Manager for Defendant, Dexter Pinto ("Pinto"), investigated information that Plaintiff was participating in theft by allowing customers to leave the store without paying for merchandise in exchange for cash. Pinto ultimately determined there was probable cause to believe Plaintiff participated in the July 9, 2008 theft of two gate openers, valued at $699.00 each. Prior to this determination, Pinto interviewed Plaintiff at Home Depot. Plaintiff signed a statement during that interview indicating that, in two separate transactions with the same customer, she did not scan or missed the two gate openers while she was working as a cashier and accepted cash as a tip from that customer. Additionally, Sergeant Shannon Peterson ("Sergeant Peterson") of the Okeechobee County Sheriff's Department investigated the alleged theft and determined there was probable cause to believe Plaintiff was involved in it. Sergeant Peterson arrested Plaintiff on July 30, 2008. Finally, a judge in the Nineteenth Judicial Circuit in and for Okeechobee County, Florida determined that there was probable cause to believe Plaintiff committed a theft crime at Home Depot in July 2008. Plaintiff subsequently was prosecuted for theft by the State Attorney's Office for the Nineteenth Judicial Circuit in and for Okeechobee County, Florida.

On March 9, 2012, Plaintiff filed claims for damages in the Nineteenth Judicial Circuit in and for Okeechobee County, Florida. Defendant timely removed this action to federal court. Plaintiff's Complaint contains four claims against Defendant: (1) false imprisonment; (2) abuse of process; (3) intentional infliction of emotional distress; and (4) negligence.

---

undisputed fact from [movant's] statement is directly addressed by [nonmovants], the [movants'] statements which are supported by evidence in the record, are deemed admitted.").

## II. LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. Id.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; see also Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). When the nonmoving party fails to sufficiently prove an essential element of its case, all other facts are rendered "immaterial." Celotex, 477 U.S. at 322–23.

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. See Anderson, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. See id. at 252. If the evidence offered by

3

the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. See id. at 249–50.

## III. ANALYSIS

Defendant moves for summary judgment in its favor on all four claims in Plaintiff's Complaint. In her Response, Plaintiff concedes the entry of summary judgment in Defendant's favor as to Count IV of the Complaint. See Resp., at 8. This Court finds that the relevant case law and the record evidence support summary judgment in Defendant's favor as to Count IV. Therefore, this Court will now analyze the remaining three claims in Plaintiff's Complaint.

### A. Count I: False Imprisonment

In Count I, Plaintiff alleges she was unlawfully detained "by virtue of the false allegations made by employees of Defendant." Compl., ¶14. Plaintiff further alleges that the "unlawful detention by the Okeechobee County Sheriff's Department" was against her will. Id. at ¶15. Thus, Plaintiff's Complaint alleges only that she was falsely imprisoned by the Okeechobee County Sheriff's Department. Nevertheless, throughout her Response, Plaintiff argues that she was unlawfully detained in the Home Depot store prior to her arrest. Plaintiff's new allegation is wholly unsubstantiated by the record evidence[3] and has no bearing on Defendant's Motion for Summary Judgment.

The elements of a cause of action for false imprisonment have been stated in various ways by Florida courts, but, essentially, all have agreed that the elements include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3)

---

[3] Plaintiff testified that she voluntarily and willingly went into the office to be questioned; was never physically touched; was never handcuffed by anyone from Home Depot; was never shown any weapons; and did not specifically know if the door to the office she was being questioned in was locked because she never went over to the door to determine if she could exit the office. See Def.'s Statement of Material Facts, ¶¶ 8, 11, 12, 13.

without legal authority or color of authority and (4) which is unreasonable and unwarranted under the circumstances. See Johnson v. Weiner, 19 So. 2d 699, 700 (Fla. 1944); Jackson v. Navarro, 665 So. 2d 340, 341 (Fla. 4th Dist. Ct. App. 1995); Harris v. Lewis State Bank, 436 So. 2d 338, 341 (Fla. 1st Dist. Ct. App. 1983). The Florida shopkeeper's immunity statute[4] protects a merchant from a false arrest claim when the merchant has probable cause to believe that the person detained has committed a larceny. See Morris v. Albertson's, Inc., 705 F.2d 406 (11th Cir. 1983). "[T]he question of probable cause for an arrest under the shopkeeper immunity statute is a question of law for the court so long as the material facts are undisputed." Id. at 409. The person detained does not have to be found guilty in order to substantiate the merchant had probable cause. Id. (citing Food Fair Stores, Inc. v. Kincaid, 335 So. 2d 560 (Fla. 2d Dist. Ct. App. 1976)).

Here, Defendant provided undisputed evidence that there was probable cause to believe Plaintiff participated in the July 9, 2008 theft. Defendant's Asset Protection Manager, Dexter Pinto, investigated Plaintiff based upon information that Plaintiff was allowing customers to leave the store without paying for merchandise in exchange for cash. See Aff. of Dexter Pinto (ECF No. 32-5). Pinto stated that he had probable cause to believe Plaintiff was involved in retail theft, based upon his review of several receipts of the subject transactions in July, a system activity log, video surveillance tapes, and Plaintiff's own statements during the investigation. Id. Furthermore, Sergeant Peterson, the arresting officer, testified during his deposition that he found probable cause to arrest Plaintiff after he investigated the incident by reviewing video

---

[4] Florida's shopkeeper immunity statute at the time of this incident states, in relevant part: "A merchant . . . who takes a person into custody . . . or who causes an arrest . . . of a person for retail theft . . . shall not be criminally or civilly liable for false arrest or false imprisonment when the merchant . . . has probable cause to believe that the person committed retail theft. . . ." Fla. Stat. §812.015(5)(a) (2008).

surveillance, reviewing receipts, and questioning both Home Depot personnel and Plaintiff. See Nov. 5, 2012 Dep. of Sergeant Shannon Peterson, at 29–38 (ECF No. 32-4). Finally, a state court judge determined that there was probable cause to believe Plaintiff committed a theft at the Home Depot store in 2008. See Pl.'s Resp. to Def.'s Requests for Admission (ECF No. 32-2).

Thus, the burden shifts to Plaintiff to show that there is a genuine issue as to a material fact on the false imprisonment claim. See Celotex, 477 U.S. at 324. Plaintiff does not meet this burden. Plaintiff argues that the investigation made of Plaintiff's alleged theft was deficient, which would have mitigated any finding of probable cause. Resp., at 5. In support of this argument, Plaintiff attaches an affidavit in which she states that she had previously reported to Defendant malfunctioning price scanners and was wrongfully prosecuted for theft without any proper investigation as to the proper working order of the cash register price scanners. See Aff. of Rose M. Cortez, at ¶¶ 2, 4 (ECF No. 46). Plaintiff's Affidavit, however, contradicts her own sworn deposition testimony, in which she admits that she does not know whether Home Depot investigated the proper working order of the cash registers. See Oct. 2, 2012 Dep. of Rose M. Cortez, 113:24–25; 114:1–21 (ECF No. 32-3). Furthermore, Plaintiff's Affidavit is rife with inadmissible hearsay evidence. See Hannon v. Beard, 645 F.3d 45, 49 (1st Cir. 2011) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted."). "A genuine issue of material fact can be created only by materials of evidentiary quality." Id. (citing Morelli v. Webster, 552 F.3d 12, 18–19 (1st Cir. 2009)). Thus, Plaintiff has not provided any evidence to show a genuine issue for trial on her false imprisonment claim. Summary judgment is awarded in favor of Defendant on Count I.

6

B.  Count II: Abuse of Process

The elements necessary to establish Plaintiff's claim of abuse of process are: (1) that Home Depot made an illegal, improper, or perverted use of process; (2) that Home Depot had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that as a result of such action, Plaintiff suffered damages. See Delia-Donna v. Nova University, Inc., 512 So. 2d 1051, 1055 (Fla. 4th Dist. Ct. App. 1987). The failure of Plaintiff to establish all three elements precludes a cause of action for abuse of process. Id. (citing Blue v. Weinstein, 381 So. 2d 308 (Fla. 3d Dist. Ct. App. 1980)). In the instant action, Plaintiff has not provided factual support for any of those necessary elements. There is absolutely no record evidence that Home Depot did not exercise reasonable care in the investigation of Plaintiff for alleged theft. The arresting officer, Sergeant Peterson, testified that he never received evidence or information that anyone from Home Depot provided false information to him or the Okeechobee County Sheriff's Department relating to the investigation of the alleged theft. See Nov. 5, 2012 Dep. of Sergeant Shannon Peterson, 22:13–19, 23:19–23 (ECF No. 32-4). Finally, contrary to her allegations in the Complaint, Plaintiff testified in her deposition that she does not know of any ulterior motives that Defendant would have had in trying to get her arrested. See Oct. 10, 2012 Dep. of Rose M. Cortez, 243:11–23 (ECF No. 32-6). Ultimately, the record is devoid of any fact that would support an abuse of process claim. Therefore, summary judgment in Defendant's favor on Count II is appropriate.

C.  Count III: Intentional Infliction of Emotional Distress

Florida law imposes a very high standard on a plaintiff alleging intentional infliction of emotional distress. Tucci v. Smoothie King Franchises, Inc., 215 F. Supp. 2d 1295, 1302 (M.D. Fla. 2002). The elements for the tort of intentional infliction of emotional distress are: (1) the

7

wrongdoer's conduct was intentional or reckless, that is, he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.  LeGrande v. Emmanuel, 889 So. 2d 991, 994 (Fla. 3d Dist. Ct. App. 2004) (citing Clemente v. Horne, 707 So. 2d 865, 866 (Fla. 3d Dist. Ct. App. 1998)).  Under the extremely high burden here, "whether alleged conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact."  Gandy v. Trans World Computer Tech. Group, 787 So. 2d 116, 119 (Fla. 2d Dist. Ct. App. 2001).

Plaintiff argues that Defendant's conduct in having fraudulent charges brought against her is outrageous enough to support a claim for intentional infliction of emotional distress.  Quite simply, this Court finds that it is not.  Courts applying Florida law have dismissed emotional distress claims under facts far more extreme than what Plaintiff alleges in the instant case.  See e.g., Foreman v. City of Port St. Lucie, 294 Fed. App'x 554 (11th Cir. 2008) (affirming dismissal of intentional infliction of emotional distress claim under Florida law where on-duty police officer pointed empty gun at the plaintiff's husband and pulled the trigger while the plaintiff watched not knowing the gun was empty).  It should be noted that even claims of intentional infliction of emotional distress based on false accusations of criminal activity and false arrest fail because such conduct, as a matter of law, is not sufficiently outrageous.  See, e.g., Valdes v. GAB Robins North America, Inc., 924 So. 2d 862 (Fla. 3d Dist. Ct. App. 2006) (affirming dismissal of the plaintiff's intentional infliction of emotional distress claim because the defendant's conduct of falsely accusing the plaintiff of insurance fraud, which led to the plaintiff's arrest and the charges being dropped later, was not sufficiently severe); Williams v.

8

Worldwide Flight Servs., 877 So. 2d 869 (Fla. 3d Dist. Ct. App. 2004) (affirming dismissal with prejudice of plaintiff's intentional infliction of emotional distress claims where defendant falsely accused plaintiff of theft, constantly threated plaintiff with job termination, and used racial slurs to describe plaintiff).  In the instant case, Plaintiff does not allege, nor is there any evidence of, any conduct by Defendant that is "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965)).  Therefore, this Court awards summary judgment in Defendant's favor on Count III.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED and ADJUDGED that Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment (ECF No. 32) is GRANTED.

All claims against Defendant Home Depot U.S.A., Inc. are DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of January, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record